# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 29, 2014

## STATE OF TENNESSEE v. LARRY JAMES JENKINS

**Direct Appeal from the Circuit Court for Jefferson County**
**Nos. 11572, 11573     O. Duane Slone, Judge**

**Direct Appeal from the Circuit Court for Cocke County**
**No. 3479     O. Duane Slone, Judge**

---

**No. E2013-01311-CCA-R3-CD - Filed March 4, 2014**

---

The appellant, Larry Jenkins, pled guilty to multiple counts of burglary, theft, and vandalism, and the trial court imposed a total effective sentence of eighteen years. On appeal, the appellant challenges the trial court's refusal to grant alternative sentencing. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed**.

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JEFFREY S. BIVINS, JJ., joined.

J. Derreck Whitson, Newport, Tennessee, for the appellant, Larry James Jenkins.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Senior Counsel; James B. Dunn, District Attorney General; and Charles L. Murphy, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On January 27, 2012, the Jefferson County Grand Jury returned a two-count indictment against the appellant, charging him with burglary of a building and theft of property valued more than $1,000 but less than $10,000, both Class D felonies. Subsequently, on April 16, 2012, the Jefferson County Grand Jury returned a fifty-five count indictment against the appellant, charging him with sixteen counts of aggravated burglary, a Class C

felony; four counts of theft of property valued more than $10,000 but less than $60,000, a Class C felony; one count of vandalism of property valued more than $10,000 but less than $60,000, a Class C felony; eight counts of burglary of a building, a Class D felony; fourteen counts of theft of property valued more than $1,000 but less than $10,000, a Class D felony; five counts of vandalism of property valued more than $1,000 but less than $10,000, a Class D felony; two counts of vandalism of property valued more than $500 but less than $1,000, a Class E felony; one count of theft of property valued more than $500 but less than $1,000, a Class E felony; and four counts of vandalism of property valued $500 or less, a Class A misdemeanor. On July 2, 2012, a Cocke County Grand Jury returned a two-count indictment, charging the appellant with theft of property valued more than $1,000 but less than $10,000 and burglary of a building, both Class D felonies.

Thereafter, on December 4, 2012, the appellant pled guilty as a Range I, standard offender to all charges. The plea agreement provided that the trial court would determine the length and manner of service of sentencing.

A sentencing hearing was held on March 25, 2013.[1] The State summarized the facts underlying the pleas as follows:

> Your Honor, these circumstances, as His Honor may recall the facts, between July and December, multiple home burglaries here in this county as well as a burglary in [Cocke] County. It wasn't your run-of-the-mill. There [were] a lot of damages to these properties, as evidenced by the vandalism charges. These were smash-and-grabs, multiple doors damaged. It wasn't just someone popping a window and going in. A lot of victims have submitted victim impact statements; they speak for themselves, Your Honor. . . . [T]here were multiple victims in this case, too many to count, to many to call as witnesses, at least 16 victims.

The appellant testified that before the instant offenses were committed, he worked as a subcontractor performing "framing, trimming, carpenter work." One of the people for whom the appellant worked paid him half in cash and half in pain pills. As a result of an addiction to pain pills, the appellant lost his job and committed the instant offenses to support his habit.

---

[1]Although the offenses occurred in two different counties, the record reflects that the parties agreed to allow a joint sentencing hearing to be held in Jefferson County to address all of the offenses. On appeal, this court allowed the cases to be consolidated.

The appellant said that he had a nine-year-old daughter and that she was having "a hard time" dealing with his incarceration. The appellant took responsibility for the offenses and stated that his addiction had cost him "everything." The appellant said that he had never undergone treatment but asked the court to grant him an alternative sentence in order to allow him to pursue rehabilitation, specifically through the New Hope Program.

The court noted the extensive property damage sustained by the victims and stated:

> The [c]ourt is relying on the stipulated facts that the [appellant] pled guilty, the testimony of this [appellant], the argument of counsel. The [c]ourt has before it a 30-year-old gentleman who was no question addicted to opiates, and it's a problem that's reached epidemic proportions in our community and in our state and I venture to say our country. However, the [c]ourt has before it again a man that was engaged in, by his own account, doing nothing much more than to engage in activity to support his habit.
>
> Again, just the number of convictions and the period of time, which is at a minimum approximately five months, if not longer, while he was engaged in this criminal enterprise.

The trial court imposed a sentence of six years for each of three of the Class C felony aggravated burglary convictions, five years for each of the remaining Class C felony aggravated burglary convictions, three years for each Class D felony conviction, two years for each Class E felony conviction, and eleven months and twenty-nine days for each Class A misdemeanor conviction. The court found that the appellant was a professional criminal and that he had committed an extensive number of offenses; therefore, the court ordered the six-year sentences to be served consecutively to each other but concurrently with the remaining sentences for a total effective sentence of eighteen years.

On appeal, the appellant complains that the trial court should have granted alternative sentencing.

## II. Analysis

Initially, we note that the record does not contain a transcript of the appellant's guilty plea hearing. However, we have determined that the record is adequate for appellate review of the sentence. See State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012).

The appellant begins his complaint regarding the denial of alternative sentencing by maintaining that "[a]n appeal of the manner of service of a sentence results in a de novo review by this [c]ourt with a presumption of correctness." He "submits the trial court misapplied the principles of sentencing[,] and [contends] that this [c]ourt's review should be de novo without a presumption of correctness."

Previously under the 1989 Sentencing Act, appellate review of the length, range, or manner of service of a sentence was de novo with a presumption of correctness. See State v. Bise, 380 S.W.3d 682, 693 (Tenn. 2012); Tenn. Code Ann. § 40-35-401(d). However, our supreme court has since revisited the standard of review to be applied to sentencing determinations and held that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" Bise, 380 S.W.3d at 708. Since that time, our supreme court has further held that "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." Caudle, 388 S.W.3d at 278-79. Finally, our supreme court has held "that the appropriate standard of appellate review for consecutive sentencing is abuse of discretion accompanied by a presumption of reasonableness." State v. James Allen Pollard, __ S.W.3d __, No. M2011-00332-SC-R11-CD, 2013 WL 6732667, at *7 (Tenn. at Nashville, Dec. 20, 2013).

In conducting its sentencing review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also Bise, 380 S.W.3d at 697-98. The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

The appellant contends that the trial court erred by denying an alternative sentence, citing the appellant's lack of a substantial criminal history, his addiction to pain pills, and his willingness to enter a rehabilitation program. Generally, an appellant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. See Tenn. Code Ann. § 40-35-303(a). The appellant's individual sentences meet this requirement. The appellant asserts that as a Range I offender convicted of Class C, D, and E felonies, he "has the presumption of an alternative sentence." Prior to the 2005 amendments to the Sentencing

Act, the appellant would have been "presumed to be a favorable candidate" for alternative sentencing. See State v. Grissom, 956 S.W.2d 514, 519 (Tenn. Crim. App. 1997). However, as of June 7, 2005, Tennessee Code Annotated section 40-35-102(6) provides that certain offenders "should be considered" favorable candidates for alternative sentencing instead of being presumed favorable candidates for alternative sentencing.

The consideration of favorable candidacy for alternative sentencing may be rebutted by evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). The following sentencing considerations, set forth in Tennessee Code Annotated section 40-35-103(1), may constitute "evidence to the contrary":

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. See Tenn. Code Ann. § 40-35-103(5).

The trial court found that the appellant had supported himself and his drug habit by engaging in an extensive criminal enterprise that lasted a substantial period of time. The court also found that the amounts taken from the victims and the damage inflicted to their property was "absolutely enormous."

This court has held that a court may consider the multiplicity of counts in evaluating the need to avoid depreciating the seriousness of offenses. See State v. Gary Russell, No. E1999-01511-CCA-R3-CD, 2001 WL 276633, at *3 (Tenn. Crim. App. at Knoxville, Mar. 21, 2001) (citing Zeolia, 928 S.W.2d at 462). To that end, this court has previously stated that "[p]articipation in a crime spree, comprising purposeful and repeated actions, contravenes the argument for alternative sentencing." State v. Ket T. Voun, No. M2009-01526-CCA-R3-CD, 2010 WL 1949139, at *5 (Tenn. Crim. App. at Nashville, May 13, 2010). The appellant pled guilty to a total of fifty-nine offenses committed over a period of approximately five months. The trial court specifically noted its concern over the sheer

number of offenses as well as the serious problems in the community resulting from drug addiction. We conclude that the trial court did not abuse its discretion in denying alternative sentencing.

### III. Conclusion

In sum, we conclude that the trial court did not err by imposing a sentence of incarceration. Therefore, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE